UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACKIELYN MICHELLE
ENGLISH,

      Plaintiff,

v.                                                                Case No: 5:25-cv-327-JSS-PRL

WARDEN BAKER and ASSISTANT
WARDEN DELGADO,

      Defendants.

_____

## **ORDER**

Plaintiff, proceeding pro se and in forma pauperis, sues under 42 U.S.C. § 1983 (Dkt. 1) and moves for a preliminary injunction (Dkt. 3).   Plaintiff is incarcerated at Lowell Correctional Institute.   (Dkt. 1 at 2.)   She sues Warden Baker and Assistant Warden Delgado in their official capacities.   (*Id.* at 2.)   Plaintiff claims that for the last five years, when prison officials distribute shaving razors to inmates, other inmates break open the razors and use them to cut her hair.   (*Id.* at 4–5.)   Plaintiff filed administrative grievances regarding this issue and specifically informed Captain Grooves, Lieutenant Dove, Sergeant Hughes, and Sergeant Caffrey about the issue, but the issue persists.   (*Id.* at 8.)

The court must screen Plaintiff's complaint.   *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and

dismiss the complaint if it "is frivolous, malicious, [] fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances).   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   The factual allegations in a complaint must "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Although a court must construe pro se complaints liberally, the complaint still "must allege factual allegations that 'raise a right to relief above the speculative level.'"   *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (quoting *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014)). The court will not accept legal conclusions or other conclusory statements as true. *See id.*

    "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes."   *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990).   To successfully plead a § 1983 claim, a plaintiff must allege: "(1) that the act or omission deprived plaintiff of a right, privilege[,] or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law."   *Id.*   Section "1983 by itself does not protect anyone against anything[,]" but rather, it "supplies a remedy for the vindication of rights secured by federal" law.   *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (citations omitted).   Because Plaintiff does not specify what federal right

Defendants violated by allowing other inmates to cut her hair, (Dkt. at 3), she fails to state a claim under section 1983. *See Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right.").

In addition, a supervisor cannot be liable under section 1983 for the actions of others, but rather, they must have either personally participated in the violation or caused it by promulgating a policy or custom that was "the moving force of the [] violation." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (citation omitted) ("Liability under [section] 1983 cannot be based on the theory of vicarious liability."). Plaintiff neither alleges that Defendants personally participated in cutting her hair, nor does she allege a policy or custom that caused her hair to be cut. Because Plaintiff does not allege that Defendants caused the violation of her right, she fails to state a claim against them. *See Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (requiring a plaintiff to allege each defendant's involvement).

Plaintiff also moves for a preliminary injunction. (Dkt. 3.) Injunctive relief "is an 'extraordinary and drastic remedy[.]'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). The movant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel.*

*Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).   Because Plaintiff fails

to state a claim, let alone demonstrate a substantial likelihood of success on the merits,

she fails to justify the granting of injunctive relief.

Furthermore, Plaintiff fails to comply with the Federal Rules of Civil Procedure

and Local Rules that govern this court's decision regarding whether to issue injunctive

relief because she does not specify the conduct and person subject to restraint and does

not provide a supporting legal memorandum or a proposed order.   *See* Fed. R. Civ.

P. 65; Local Rule 6.01 ("A motion for temporary restraining order must include (1)

'Temporary Restraining Order' in the title, (2) a precise and verified description of the

conduct and the persons subject to restraint, (3) a precise and verified explanation of

the amount and form of the required security, (4) a supporting legal memorandum,

and (5) a proposed order."); Local Rule 6.02 ("A motion for a preliminary injunction

. . . must comply with the requirements of Local Rule 6.01(a)).

Accordingly,

1. Plaintiff's motion for a preliminary injunction (Dkt. 3) is **DENIED**.

2. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice.

3. Plaintiff may file an amended complaint on the standard civil rights
   complaint form on or before **June 30, 2025**.

   a. To amend her complaint, Plaintiff should place the case number
      in this action on a blank civil rights complaint form and mark the
      form "Amended Complaint."

b. The amended complaint must be re-written in its entirety on the form and will supersede the original complaint.   Therefore, the amended complaint must contain all claims for relief and must not refer to or incorporate the original complaint.

4. If Plaintiff fails to file an amended complaint within the time allotted, this order dismissing the complaint will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.   And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

5. Plaintiff must advise the court of any change of address.   The failure to comply with this order will result in the dismissal of this case without further notice.

6. The Clerk is **DIRECTED** to send Plaintiff a standard civil rights complaint form.

**ORDERED** in Orlando, Florida, on May 30, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party

6