UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JACKIELYN MICHELLE
ENGLISH,

      Plaintiff,

v.                                  Case No: 5:25-cv-327-JSS-PRL

WARDEN BAKER and ASSISTANT
WARDEN DELGADO,

      Defendants.

_____

**<u>ORDER</u>**

Plaintiff, a pro se prisoner, sues Lowell Correctional Institution's warden and assistant warden under 42 U.S.C. § 1983. (Dkt. 9.) The court screened and dismissed with leave to amend Plaintiff's complaint, (Dkt. 1), under 28 U.S.C. §§ 1915A, 1915(e)(2) for failure to state a claim. (Dkt. 6.) In the amended complaint, Plaintiff alleges that other inmates at Lowell break open disposable razors and use them to cut her hair. (Dkt. 9 at 3.) Plaintiff argues that Defendants are responsible for the inmates' conduct because they allow the inmates to have razors. (*Id.* at 4.) Importantly, Plaintiff fails to allege which of her federal rights Defendants violated, (*Id.* at 3), despite the court instructing her to do so in its order of dismissal. (Dkt. 6 at 2–3.)

The court must again screen Plaintiff's complaint. *See* 28 U.S.C. § 1915A (requiring a district court to screen a complaint in "a civil action in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity" and dismiss the complaint if it "is frivolous, malicious, [] fails to state a claim upon which relief may be granted[,]" or "seeks monetary relief from a defendant who is immune from such relief"); *see also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an in forma pauperis proceeding under the same circumstances).    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."    Fed. R. Civ. P. 8(a)(2).    The factual allegations in a complaint must "state a claim to relief that is plausible on its face."    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    Although a court must construe pro se complaints liberally, the complaint still "must allege factual allegations that 'raise a right to relief above the speculative level.'"    *Owens v. Sec'y, Fla. Dep't of Corr.*, 602 F. App'x 475, 477 (11th Cir. 2015) (quoting *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014)).    Because Plaintiff asserts the same allegation already rejected by this court in the May 30, 2025 order of dismissal, (Dkt. 6), the amended complaint is due to be dismissed.

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes."    *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990).    To successfully plead a section 1983 claim, a plaintiff must allege: "(1) that the act or omission deprived plaintiff of a right, privilege[,] or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law."    *Id.*    Section "1983 by itself does not protect anyone against anything[,]" but rather, it "supplies a remedy for

the vindication of rights secured by federal" law.    *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (citations omitted).    On page 3 of the standard civil rights complaint form, Plaintiff is prompted to allege what federal right Defendants violated.    (Dkt. 9 at 3.) Instead of complying with the prompt, Plaintiff says that "the inmates are allow[ed] . . . disposable razors and they destroy my hair with them[.]"    (*Id.*)    This is not sufficient to state a claim under section 1983.    Plaintiff must allege what specific federal constitutional or statutory right this conduct violated.[1]

Further, Plaintiff's allegation that other inmates cut her hair does not establish Defendants' liability.    *See Ireland v. Prummell*, 53 F.4th 1274, 1289 (11th Cir. 2022) (citation omitted) ("Liability under section 1983 cannot be based on the theory of vicarious liability.").    Defendants did not personally cut Plaintiff's hair, and her hair was not cut pursuant to a policy or custom.    *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (a plaintiff can establish a supervisor's liability under § 1983 when they personally inflicted the injury or "when [the] execution of a government's policy or custom" was "the moving force of the constitutional violation[]").    A prison official could be liable under the Eighth Amendment if they were subjectively aware of "a substantial risk of serious harm" that one inmate presented to another inmate, and they fail to respond reasonably.    *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1099 (11th Cir. 2014) (citations omitted).    However, Plaintiff does not meet this

---

[1] The court knows of no federal right that protects an inmate from having their hair cut by other inmates.    An inmate could state a claim under the First Amendment if a prison's hair length policy substantially burdened their sincerely held religious belief.    *Harris v. Chapman*, 97 F.3d 499, 503 (11th Cir. 1996).    Plaintiff's allegation is not even remotely close to meeting this standard.

standard because having her hair cut does not amount to a substantial risk of serious harm, and even if it did, she fails to allege Defendants' knowledge that other inmates cut her hair.   Because Plaintiff does not allege that Defendants caused the violation of her federal right, she fails to state a claim against them.

Accordingly,

1. Plaintiff's amended complaint (Dkt. 9) is **DISMISSED without prejudice**.

2. Plaintiff may file a second amended complaint on the standard civil rights complaint form on or before **August 25, 2025**.

   a. To amend her complaint, Plaintiff should place the case number in this action on a blank civil rights complaint form and mark the form "Second Amended Complaint."

   b. The second amended complaint must be re-written in its entirety on the form, contain all claims for relief, and not refer to or incorporate the former complaints because it will supersede them.

3. If Plaintiff fails to file a second amended complaint within the time allotted, this order dismissing the complaint will become a final judgment.   "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending the complaint or] seeking an extension.   And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more

extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

4. Plaintiff must advise the court of any change of address.   <u>The failure to comply with this order will result in the dismissal of this case without further notice.</u>

5. The Clerk is **DIRECTED** to send Plaintiff a standard civil rights complaint form.

**ORDERED** in Orlando, Florida, on July 22, 2025.


JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party